Filed 7/18/25  P. v. Ramirez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO PORFIRIO RAMIREZ,<br><br>    Defendant and Appellant. | C101553<br><br>(Super. Ct. Nos.<br>CRF23-0000161-B,<br>CRF24-0000032) |

Appointed counsel for defendant Francisco Porfirio Ramirez asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2023, defendant had an unregistered loaded nine-millimeter handgun. Defendant was charged in case No. CRF23-0000161-B (0161) with felony carrying an unregistered loaded handgun, unlawful possession of a firearm, felony unlawful

1

possession of ammunition, and having an unregistered motor vehicle (an infraction).  It was further alleged defendant had a prior serious felony conviction.

In May 2023, defendant petitioned for mental health diversion.  His counsel subsequently withdrew.  The trial court declined to consider the petition but invited defendant's new counsel to file a new motion.  In October 2023, his original counsel resumed representing defendant.  In November 2023, defendant filed a supplemental brief regarding his petition for mental health diversion.  The prosecution filed an opposition brief.

In December 2023, defendant possessed nine-millimeter ammunition despite having a prior felony conviction.  Defendant was charged in case No. CRF24-0000032 (0032) with felony unlawful possession of ammunition.

In January 2024, defense counsel advised the trial court that he was "still looking into mental health diversion" and would be requesting funding.  Over the next few months, the trial court granted defendant's requests for continuances.  In March 2024, the prosecutor informed the trial court that the parties were negotiating a plea agreement.

In May 2024, defendant pled no contest to unlawful possession of ammunition (case No. 0032) and unlawful possession of a firearm (case No. 0161).  In case No. 0161, defendant also admitted a prior serious felony conviction.  Defendant stipulated to an aggregate prison sentence of three years four months, as follows:  (1) 32 months (the low term of 16 months doubled due to the prior serious felony conviction) in case No. 0161 and (2) eight months (one-third the middle term of two years) consecutive in case No. 0032.  The remaining allegations were dismissed, along with an unrelated case not at issue in this appeal.

In July 2024, the trial court sentenced defendant to prison for three years four months, according to the plea agreement.  The court also imposed a $300 restitution fine in each case (or $600 total), a corresponding $300 parole revocation restitution fine (suspended unless parole is revoked) in each case, an $80 court operations assessment,

2

and a $60 criminal conviction assessment. The court awarded defendant 240 days custody credit (120 actual days, plus 120 conduct days) in case No. 0032 and an additional 157 days (79 actual days, plus 78 conduct days) in case No. 0161.

Defendant appeals and did not seek a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　 ROBIE, Acting P. J.


We concur:


 /s/
DUARTE, J.


 /s/
RENNER, J.